UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCISCO RAMOS,

              Plaintiff,

-against-

ALEX AUTO PARTS, INC., ALEXANDER
MEZO, JUAN CARLOS CALDERON, and
EDWIN FERNANDEZ, as individuals,

              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/24/2022_

20 Civ. 5079 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

    Plaintiff, Francisco Ramos, brings this action against Defendants Alex Auto Parts Inc., Alexander Mezo, Juan Carlos Calderon, and Edwin Fernandez raising claims for, *inter alia*, wage violations and unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; parallel violations of the New York Labor Law (the "NYLL") § 190 *et seq.*; and wage notice and wage statement violations under the NYLL. *See generally* Compl., ECF No. 6. Having reached a settlement (the "Settlement"), ECF No. 33-1, the parties seek the Court's approval of their proposed agreement. *See* Letter, ECF No. 31. For the reasons stated below, the motion is DENIED without prejudice to renewal.

**DISCUSSION**

    I.    <u>Legal Standard</u>

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not

subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's

fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II. Analysis

The Settlement provides Plaintiff with a recovery of $25,000, inclusive of attorneys' fees and costs. Settlement ¶¶ 1(a); *see also* Letter at 3. To ascertain Plaintiff's best-case scenario for recovery, Plaintiff's counsel obtained documents from Defendants as to Plaintiff's employment, including paystubs, payroll records, and notices as to Plaintiff's hourly rate of pay—then, closely reviewed these documents with Plaintiff. Letter at 2. Plaintiff's counsel estimates that Plaintiff's maximum recovery for damages is approximately $70,000, including $30,000 for unpaid wages, as well as liquidated damages, and statutory penalties. *Id.* But, because Defendants' records show that Plaintiff generally worked 40 hours per week or less, Plaintiff understands that these records, if accepted by a factfinder, would result in no award of unpaid wages at trial, which significantly reduces the possible recovery from continued litigation. *Id.* The parties note that continuing formal discovery—including numerous depositions—would have created significant burdens and expenses for both parties, in addition to the costs and time required to prepare for trial itself. Letter at 4. And, the parties state that settlement was reached after over a year of discussions, and a Court-annexed mediation, with both sides represented by experienced counsel. *Id.* at 4–5. Finally, the parties state that there is no possibility of fraud or collusion. *Id.* at 5. The Court concludes, therefore, that the Settlement satisfies each of the *Wolinsky* factors.

However, the Settlement contains a liability release clause only as to Defendants, which

the Court finds overly broad in two aspects: first, it binds not only Plaintiff, but also his successors and assigns; and second, it releases an impermissibly large number of entities from liability, beyond just Defendants. *See* Settlement ¶ 2. Although the release clause is limited to "all causes of action and claims which were alleged in the Complaint filed in this action, specifically including Fair Labor Standards Act and New York Labor Law . . . which Plaintiff now has or has ever had," *id.*, "when combined with the broad definition of '[r]eleasees,' the release, read literally—would have the . . . effect of releasing any wage and hour claims that [P]laintiff ha[s] against a wide range of unidentified individuals and business[es] only tenuously affiliated with [Defendants]." *Lara v. Air Sea Land Shipping & Moving Inc.*, No. 19 Civ. 8486, 2019 WL 6117588, at *2 (S.D.N.Y. Nov. 18, 2019). And, Plaintiff is afforded no releases from liability whatsoever. *See generally* Settlement. The Court cannot, therefore, conclude that the Settlement's release clause is "fair and reasonable" under *Cheeks* and shall not approve it.

## CONCLUSION

For the foregoing reasons, the parties' request for approval of the Settlement is DENIED without prejudice to refiling a revised settlement agreement that narrows the release provision(1) so as not to confer an unearned benefit on entities or individuals beyond the parties herein, and; (2) to limit release to only claims arising out of the same facts that gave rise to the claims advanced in this action.

SO ORDERED.

Dated: May 24, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge